UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMES CASSELL

        Plaintiff**,**

            against

The City of New York, PO Craig Mastromatteo,
Ivan Lowe, Shield#17855, PO Patrick Leone,
Captain Medina Francisco #844, John Doe Shield
Does 1'through'10 inclusive

        Defendant(s)

-----------------------------------------------------------X

CASE No.13 CV 3831

CIVIL ACTION

**FOURTH AMENDED COMPLAINT**

**PLAINTIFF DEMANDS**
TRIAL BY JURY

      TAKE NOTICE, the Plaintiff, James Cassell, hereby appears in this action by his attorneys, Umoh Law Firm, PLLC and demands that all papers be served upon him, at the address below, in this matter.

      Plaintiff, James Cassell, by his attorney, Nkereuwem Umoh Esq., complaining of the defendants, The City of New York, The New York City, P.O. Craig Mastromatteo, P.O. Patrick Leone, P.O. Ivan Lowe, Captain Medina Francisco and "John Does" collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2.    This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3.    The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action

    authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

# PARTIES

6. Plaintiff James Cassell resides in the Bronx, New York and is a resident of the State of New York.

7. Defendant Medina Francisco is an officer employed with the City of New York and holds the position of Captain in the New York City Department of Corrections. He is being sued in both his individual and official capacity.

8. P.O. Craig Mastromatteo and P.O. Patrick Leone are police officers employed with the City of New York.  They are being sued in both their individual and official capacity.

9. Defendant Correction Officer Ivan Lowe is an officer employed by the New York City. He is being sued in both his individual and official capacity.

10. Defendants "John Doe" and "Jane Doe" 1'through'10 are unknown officers of the City of New York, acting under color of state law.  They are being sued in both their individual and official capacity.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendant Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. The first incident occurred on or about December 5, 2012 when plaintiff went to visit his wife and kids in the Bronx.  While there, two police officers from the 44th Precinct arrived. They asked plaintiff why he was at the premises and Plaintiff explained that he was visiting his kids, when the officers asked him to leave.

13. As he made to leave one of the officers stated he did not like his attitude and PO

Mastromatteo pushed Mr. Cassell into a stairwell, tearing the skin from Ms. Cassell's finger and causing him to hit his face against a window ledge. He also pushed Mr. Cassell's back into a wall and struck him with his radio.

14. Office Leone watched this happen and did nothing to assist Mr. Cassell. Mr. Cassell was thereafter arrested and falsely charged with disorderly conduct, among other charges.

15. The officers submitted documents that contained knowingly false statements about Mr. Cassell's alleged conduct. Said statements were used to prosecute Mr. Cassell and deny him a fair trial.

16. Following his arrest plaintiff filed a complaint with the Civilian Complaint Review Board.

17. Following this incident, while plaintiff was being held at Rikers Island, he had another incident with employees of the City of New York on January 30, 2013.

18. During a visit to the Court house in Bronx County, plaintiff was attacked by John Doe corrections officers, who were joined in by Ivan Lowe and Captain Medina Francisco.

19. Plaintiff was handcuffed during this beating, which resulted in him being dragged down stairs of the courthouse, with his face hitting every step until it reached the first floor. Causing him to lose several teeth as a result. Plaintiff was punched and kicked by the officers, Lowe and Francisco.

20. The officers refused to offer him medical treatment despite repeated requests by plaintiff. Plaintiff was held in the bullpens at Rikers Island for over 3 days with no medical treatment. The officers then went on to falsify accusations against plaintiff.

21. Plaintiff was never read his rights before being taken to the police precinct.

22. That even though the defendant police officers knew should have known based on the facts that no crime had been committed, they still proceeded to arrest plaintiff and use excessive force. At no time did plaintiff commit any offense against the laws of New York City and or State.

14. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

15. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

16. As a direct and proximate result of their unlawful search seizure and assault, Plaintiff

has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of their homes.

17. As a direct and proximate result of defendants' actions, plaintiff were deprived of rights, privileges and immunities under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

18. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing officers including defendants in this case, to engage in unlawful conduct.

19. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging officers including defendants in this case, to engage in unlawful conduct.

20. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

21. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

22. A written claim was filed upon the City of New York, and at least thirty-days have elapsed since the service of the Notice of Claim and the adjustment or the payment of the claim has been neglected or refused.

23. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against All Defendants

24. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below

25. By unlawfully arresting Plaintiff without justification, probable cause or reasonable

suspicion, using excessive force, and assaulting him, denying him medical treatment and submitting false information to Court, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

26. In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

27. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

28. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

29. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below
30. By unlawfully searching and assaulting plaintiff, without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

31. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

32. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD and Corrections Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

33. Defendants, their officers, attorneys, agents, servants and employees were responsible

for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

34. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Assault and Battery--all Defendants

35. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

36. In physically assaulting, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

37. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS FOR A FOURTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

38. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

39. The Defendants Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

40. Plaintiff's emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

41. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers and security guards, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

43. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

44. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

45. Upon information and belief, defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

46. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

47. Upon information and belief, defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

48. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiff incurred significant and lasting injuries.

## AS A SIXTH CAUSE OF ACTION:

Negligence against all defendants.

49. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

50. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiff suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

51. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they was forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believes that in the future he will continue to be deprived Jof such pursuits; and that said injuries are permanent.

52. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

7. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:
February 9, 2015

Brooklyn, New York

                          Respectfully Submitted

                          _____s/_____

        By: NKEREUWEM UMOH Esq. [NU-7233]
           25 Bond Street,
           2nd Floor
           Brooklyn, New York 11201
           Tel. No. : (718) 360-0527
           Fax No. : (800) 516-5929